UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEO PAUL CARMONA,

        Petitioner,

                                              Case No. 2:08-cv-67
v.                                             HON. R ALLAN EDGAR

JEFFREY WOODS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner filed this petition for writ of habeas corpus on March 14, 2008. Respondent has filed an answer and Rule 5 materials. Petitioner has filed a motion to hold the petition in abeyance to allow him to present unexhausted claims in the state courts. It appears that petitioner would like to file additional claims that were never presented in the state courts. Petitioner has not represented that he has a pending action in the Michigan state courts. In order to hold a habeas petition in abeyance, petitioner is required to file a timely affidavit showing: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Petitioner has not made such a showing.

        Alternatively, petitioner has requested that the court dismiss this action without prejudice. Dismissal of a habeas action without prejudice is inappropriate under these circumstances. Habeas cases are governed by a one-year statute of limitations period provided in 28 U.S.C. § 2244(d)(1). Petitioner's exhausted claims should not be dismissed without prejudice,

especially where petitioner has not even attempted to establish that any of his unexhausted claims have merit.

Accordingly, it is recommended that petitioner's motion to stay the proceedings or alternatively to dismiss the petition without prejudice (Docket #31) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: June 12, 2009