UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEO PAUL CARMONA,

    Petitioner,

v.                                            Case No. 2:08-cv-67
                                            HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

## **MEMORANDUM AND ORDER**

       Leo Paul Carmona, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brings a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. He is imprisoned at the Kinross Correctional Facility in Kincheloe, Michigan. Carmona challenges the validity of his conviction in the Circuit Court of Eaton County for second-degree murder.

       After a trial by jury, Carmona was found guilty and convicted on one count of second-degree murder in violation of Michigan Compiled Laws (MCL) § 750.317. His conviction arises out of the death of Jonathan Matson, the young son of Carmona's girlfriend. The murder victim was 27 months old at the time of death. Carmona was sentenced to a term of 25 to 50 years imprisonment.

       Carmona took a direct appeal to the Michigan Court of Appeals. On March 1, 2007, the Michigan Court of Appeals rendered its opinion affirming the judgment of conviction and dismissing the direct appeal. *People v. Carmona*, 2007 WL 624533 (Mich. App. March 1, 2007). Carmona filed an application for leave to appeal in the Supreme Court of Michigan which was denied on July 30, 2007. *People v. Carmona*, 479 Mich. 865, 735 N.W.2d 284 ( 2007).

Next, Carmona filed a petition for writ of habeas corpus in this United States District Court under 28 U.S.C. § 2254. Carmona moved to stay the § 2254 habeas proceedings so that he could proceed to make a motion seeking collateral relief from the judgment of conviction in the Circuit Court of Eaton County pursuant to Michigan Court Rules (MCR) 6.502 - 6.508 and litigate some unexhausted issues in the Michigan state courts. This Court granted the motion to stay.

Carmona made a motion in the Circuit Court of Eaton County seeking collateral relief from his judgment of conviction pursuant to MCR 6.502 - 6.508. The motion was denied by the Eaton County Circuit Court on March 11, 2011 under MCR 6.508. Carmona filed a delayed application for leave to appeal in the Michigan Court of Appeals which was denied on October 3, 2011. Carmona also filed an application for leave to appeal in the Supreme Court of Michigan which was denied on March 26, 2012. *People v. Carmona*, 491 Mich. 885, 809 N.W.2d 573 ( 2012).

At this juncture, Carmona was finally ready to proceed with his petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. Carmona filed an amended *pro se* § 2254 habeas petition. [Court Doc. No. 57].

On October 23, 2012, Magistrate Judge Timothy P. Greeley submitted his report and recommendation. [Court Doc. No. 69]. After thorough review and analysis, Magistrate Judge Greeley finds that the habeas petition is without merit and Carmona has not met his burden of showing that he is entitled to any habeas relief under 28 U.S.C. § 2254. It is recommended that Carmona's entire habeas petition, as amended, be denied and dismissed with prejudice, and that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

Carmona objects to the report and recommendation. After reviewing the record *de novo*, the Court finds that his objections [Court Doc. No. 70] are without merit and are denied. The objections raised by Carmona do not preclude the dismissal of all claims and grounds for relief asserted in his

amended habeas petition for the reasons expressed in the well reasoned report and recommendation.

Accordingly, Carmona's objections to the Magistrate Judge's report and recommendation [Court Doc. No. 70] are DENIED. The Court ACCEPTS and ADOPTS the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The entire habeas petition brought under 28 U.S.C. § 2254, as amended, is DENIED and DISMISSED WITH PREJUDICE. Carmona's request for an evidentiary hearing is DENIED. There is no need for an evidentiary hearing.

If petitioner Carmona files a notice of appeal from the decision and judgment in this case, the notice of appeal will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not find that the dismissal of each and every one of Carmona's habeas claims is debatable or wrong.

A separate judgment will be entered.

SO ORDERED.

Date: February 21, 2013

           */s/ R. Allan Edgar*
           R. ALLAN EDGAR
         UNITED STATES DISTRICT JUDGE